MARTÍNEZ, ASSIGNEE OF FAJARDO *v.* GARCÍA ET AL.

APPEAL from the District Court of Mayagüez.

No. 750.—Decided June 26, 1912.

PROMISSORY NOTE—POWER OF ATTORNEY—NOTE DRAWN BY ATTORNEY IN FACT— LIABILITY OF PRINCIPAL.—The evidence introduced in this case shows that the plaintiff claims the amount of a promissory note made by the attorney in fact of the defendants, which power of attorney had not been revoked at the time when he subscribed the note, and the document is worded in such manner that even though two persons are bound thereby, the singular form is used as if only one owed the money. *Held:* That such facts having been established there is no doubt that the holder of the note has a cause of action against the defendants to recover the amount thereof even in the supposition that the person who signed the note as attorney in fact of the defendants received and applied the amount thereof to his own personal use without delivering such sum to his principals.

ID.—AUTHENTICITY OF SIGNATURE—EXECUTION OF NOTE—PRESUMED ADMISSION.—The authenticity of the signature and the execution of the note not having been denied in the answer to the complaint both are deemed admitted in view of the provisions of section 119 of the Code of Civil Procedure.

ID.—ASSIGNMENT OF NOTE—ASSIGNEE OF NOTE.—The provisions of section 52 of the Code of Civil Procedure are applicable to the note in litigation, but as the same was assigned after it fell due all the valid defenses that could have been alleged against the assignor may be alleged against the assignee.

The facts are stated in the opinion.

*Mr. Pascasio Fajardo* for appellant.

*Mr. José de Diego* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

The present case is a suit on a promissory note. On May 18, 1910, Don Mateo Fajardo began a suit in the District Court of Mayagüez against Doña Rosa and Doña Dolores García Sanjurjo, praying that they be adjudged to pay to the complainant the sum of $5,000, agreed interest, costs, and fees of lawyers, estimated in the sum of $500.

The complaint alleged that Don Isidro F. Sanjurjo, as general attorney in fact of Doña Rosa and Doña Dolores García Sanjurjo, on September 20, 1908, signed a promissory note to the order of Don Mateo Fajardo in the sum of $5,000, due on December 31, 1909, the payment of which the said creditor had not been able to obtain despite the accruing of the obligation and the fact that Sanjurjo had acknowledged his signature in his character as attorney before a notary on May 16, 1910. The note and the acknowledgment of the signature were copied in the complaint.

On June 28, 1910, Don Rogelio Martínez made a motion to the court to be subrogated to the rights of Don Mateo Fajardo by reason of a public deed made in his favor; and, by an order of June 5, following, the court granted the request made by the assignee.

The defendants answered the complaint under oath of Dolores García Sanjurjo on September 19, 1910, denying that Fajardo had really paid to Sanjurjo, as attorney in fact of the defendants, the sum of $5,000, or that they had received such sum in any form; and, as new matter, they alleged that although Sanjurjo had, as a mere form, a power of attorney from the defendants, he never acted under the

mandate; and the note whose payment is sought is an instrument manufactured by Fajardo and Sanjurjo in malicious conspiracy for the sole object of injuring defendants, and that the power relied upon by Sanjurjo had been revoked on January 22, 1910, and before the acknowledgment of his signature before the notary.

The court rendered judgment in favor of the defendants and the complainants appealed.

An examination of the briefs of the appellant shows that he relies on the following grounds:

First. That the note on which he seeks to recover is a good and valid one.

Second. That Don Rogelio Martínez Castro, the assignee of the note, against whom no complicity in the alleged conspiracy has been attributed nor proved by the defendants, cannot be deprived of a right legally acquired in good faith by means of a public document.

Third. That the defendants are under the duty of carrying out the obligation contracted by their attorney in fact within the limits of its power.

The note, which was copied in the complaint and offered as proof in the trial, is as follows:

"By virtue of this present I owe and shall pay to the order of Don Mateo Fajardo the sum of $5,000 American money, value re-received from that gentleman to my entire satisfaction, that I shall pay on December 31, 1909; and to the faithful and exact fulfilling of this obligation subject and bind all the property which I now have or may have hereafter, which I shall not be able to alienate without the entire payment of such sum, further undertaking in case of delay to satisfy the agreed interest of 1 per cent a month, to renounce all the laws in my favor (naming them), and I accept at the will of my creditor or creditors whatever judicial means they may select. Mayagüez, P. R., September 20, 1908. Signed. Rosa and Dolores García Sanjurjo. Under the power of attorney. Isidro F. Sanjurjo."

It may be noticed that in the body of the document transcribed the promissor did not act in the name and representation of Doña Rosa and Doña Dolores García Sanjurjo, and that it speaks in the singular number, as if it were only one person who is obligated. Nevertheless the document was signed by him, and the principal question for us to investigate, in the absence of fraud, is whether he had a power of attorney for the ladies aforesaid.

The testimony of Mateo Fajardo shows that he was asked whether Sanjurjo borrowed any money from him, and he replied in the following terms:

"In September, 1908, Don Isidro F. Sanjurjo came to my house and said to me: 'When you were poor I loaned money to you; now you are rich and I am poor, and I am in very bad straits; I am building a house and I have built one on a piece of property named Siberón, and I need absolutely $5,000'; and I agreed to give him the $5,000, discounting from it the discount for the time for which the money was given, and he gave me a note for $5,000 due in December, 1909, discounting 10 per cent for the fifteen months. I dictated the note to him because by reason of his years I did not wish his signature to be alone. The note is found in the handwriting of Sanjurjo and upon signing it he signed as attorney in fact of Doña Rosa and Doña Dolores García; I made the objection at that time of why he did this and he said to me: 'Because they are my nieces in whose names I have all my property, but that property is mine and this sum is for the same property where my house is'; and I gave him $4,275, receiving the note of $5,000."

It does not appear that the nieces of Sanjurjo have received any part of the money that was paid him by Fajardo. It was contended that the evidence shows that Sanjurjo contracted with Fajardo in his own name and not as attorney in fact for his nieces. The statement made by the witness Fajardo does not bear this interpretation. It shows perhaps that Fajardo was willing to contract with Sanjurjo personally, but that at the suggestion of the latter the note was actually made in the name of the defendants, his nieces. It matters not what reasons Sanjurjo had for so doing, provided

he had the power to make the contract, and the vital question is, was this a personal obligation of Sanjurjo, or was it the obligation of the nieces, the defendants? In so far as the testimony of Fajardo goes the obligation was clearly one made by Sanjurjo, acting in representation of his nieces. If Sanjurjo was building a house, it appears that it was on property belonging to the defendants or held by them for him. In any event the testimony of Fajardo shows that he regarded Sanjurjo and his nieces as being practically the same person, but that he finally consented to take a note from Sanjurjo, not personally, but from him as the attorney in fact. The note either fixes the obligation on the defendants or on no one. It does not purport to bind Sanjurjo, and if it does not bind his nieces it binds no one at all. While it is true that if he obtained money from Fajardo under false pretenses, he is personally liable to refund it, but the recovery could not be had on the note.

We agree with the court below that the testimony of Sanjurjo does not merit much credit because of his different testimony in an analagous case. But the court apparently did give credit to the statement of Fajardo and under such circumstances it makes no difference how fraudulent Sanjurjo was in his actions to his nieces or whether he gave them any part of the money he received from Fajardo. If Sanjurjo was acting fraudulently to his nieces, the connection of Fajardo with such fraud was not shown. A contrary state of things would seem to be proved by the court's credence of Fajardo's testimony. No fraud being shown and it being admitted that Sanjurjo had a power of attorney which had not been revoked at the time he executed the note, his grantors became bound by the actions of their agent and attorney in fact. We likewise agree with the appellant that the genuineness of the signature not having been denied by the answer, that the genuineness and execution of the same were deemed to be admitted by virtue of section 119 of the Code of Civil Procedure.

On the other hand, we agree with the appellees that section 52 of the Code of Civil Procedure has application to the parties in the present case; but inasmuch as the note was assigned after maturity, any defense which was available against Fajardo would be equally available against Martínez. However, as we think no valid defense was shown that would have been available against Fajardo, his assignee was *prima facie* entitled to recover.

Under these circumstances, the case should be reversed and sent back for a new trial.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.